

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

October 20, 2023

By ECF
Honorable Lois Bloom
Chief Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: *Anastasiia Volkoval v. USCIS, et al.*, No. 23-cv-1502 (Bloom, Ch. M.J.)

Dear Judge Bloom:

  This Office represents Defendants the United States of America, United States Citizenship and Immigration Services ("USCIS"), and the United States Department of Homeland Security in the above-referenced action, which was transferred to this Court from the District Court for the District of Columbia ("D.D.C.") on October 17, 2023. Dkt. No. 34.  The Court has scheduled a telephonic status conference for 10:30 a.m. on October 24, 2023.  Defendants write respectfully to inform the Court that pursuant to 28 U.S.C. 1292(d)(4)(B), this action is stayed until December 4, 2023.[1]

  By way of background, on May 26, 2023, four plaintiffs, Ukrainian nationals who were paroled into the United States in 2022, filed this putative class action in D.D.C. asserting a claim under § 706(2)(C) of the Administrative Procedure Act Claim, 5 U.S.C. §§ 701-06 (the "APA"), and, in the alternative, for illegal exaction under the Little Tucker Act, 28 U.S.C. § 1346(a), based on the contention that Defendants unlawfully charged them each a $410 filing fee to apply for employment authorization.  Plaintiffs allege that the benefits afforded noncitizens by the Ukrainian Parolee Act, Pub. L. No. 117-128, 136 Stat. 1211, include exemption from the filing fee, and therefore the Government should refund their payments.

  Defendants moved to dismiss the APA claim and to transfer the illegal exaction claim to the Court of Federal Claims because no plaintiff resided in the District of Columbia, the plaintiffs resided in two separate districts, and the amount in controversy for the entire putative class exceeds $10,000. Dkt. Nos. 20, 28. Plaintiffs opposed the motion to dismiss, and thereafter, three of the plaintiffs voluntarily dismissed their claims, leaving just one, Plaintiff Volkova, who is alleged to reside in the Eastern District of New York.  Dkt. Nos. 24, 27.

  On October 5, 2023, the D.D.C. court issued an order granting the motion to dismiss the

---

[1] The undersigned understands that Plaintiff's counsel wishes to have the conference held "as soon as practicable."

*Volkoval v. USCIS, et al.*, No. 23-cv-1502 (Bloom, Ch. M.J.)

APA claim and transferring the case to this district. Dkt. No. 33; *Astakhov v. United States Citizenship & Immigr. Servs.*, No. 23-cv-1502 (Boasberg, Ch. J.), 2023 WL 6479080, at *1 (D.D.C. Oct. 5, 2023). The D.D.C. court reasoned that unless and until the class is certified, the value of the case does not exceed the $10,000 threshold of the Little Tucker Act, and as such this case could be brought in the Court of Federal Claims or this Court, because Plaintiff Volkova allegedly resides in this district. *Id.* at *8.

Because Defendants moved to transfer this action to the Court of Federal Claims, this case was automatically stayed, pursuant to 28 U.S.C. 1292(d)(4)(B), until 60 days after the D.D.C. court issued its decision. *Id*; *see also Coinbase, Inc. v. Bielski*, 143 S. Ct. 1915, 1922 (2023) (noting that "Congress specified the right to an automatic stay pending appeal in § 1292(d)(4)" to avoid confusion with the discretionary stay provision of 1292(d)(3)). This statutory stay, during which "no further proceedings shall be taken in the district court," remains in effect until December 4, 2023, which is 60 days after the D.D.C. court issued its decision. *Id.*

Due to the statutory stay, "further proceedings," including an initial conference, should not take place. § 1292(d)(4)(B) was enacted to provide parties "sufficient time to determine whether to take an appeal from any adverse decision on the transfer motion." *Consol. Edison Co. v. United States*, 54 F. Supp. 2d 364, 366 (S.D.N.Y. 1999) (quoting H.R. Rep. No. 100-889, reprinted in 1988 U.S.C.C.A.N. 5982). The statute provides an exception only for "the granting of preliminary or injunctive relief, where appropriate and where expedition is reasonably necessary." § 1292(d)(4)(B). This narrow exception is meant to provide a mechanism for providing "extraordinary relief" when "time is of the essence." *Consol. Edison Co.,* 54 F. Supp. 2d at 366 (quoting H.R. Rep. No. 100-889). Time is not of the essence in this case and Plaintiff has not requested preliminary injunctive relief.

As such, the narrow exception set forth in § 1292(d)(4)(B) does not apply to this matter, and further proceedings are not appropriate. *Consol. Edison Co.*, 54 F. Supp. 2d at 367 (denying a request for discovery due to the statutory stay); *In re Utils. Uranium Decontamination & Decommissioning Fund Litig.*, 2001 U.S. Dist. LEXIS 3169, at *14 (S.D.N.Y. Mar. 26, 2001) (denying a request for discovery and to amend based on the statutory stay).

In light of the foregoing, Defendants respectfully submit that no conference can be held in this action until December 5, 2023 at the earliest.[2]

Defendants thank the Court for its consideration of this request.

                                                         Respectfully submitted,

---

[2] This Office apologizes to Your Honor for filing this submission close to the date and time of the conference. This Office learned of the transfer of this action today.

*Volkoval v. USCIS, et al.*, No. 23-cv-1502 (Bloom, Ch. M.J.)

                BREON PEACE
                United States Attorney

           By: */s/ Melanie Speight*
               MELANIE SPEIGHT
               Assistant U.S. Attorney
               (718) 254-7509
               melanie.speight@usdoj.gov

cc: All counsel of record (via ECF)