UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------X

ANASTASIIA VOLKOVA, for herself and
all others similarly situated,

        Plaintiff,

- v. -

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES;
UNITED STATES DEPARTMENT OF
HOMELAND SECURITY; AND
UNITED STATES OF AMERICA,

        Defendants.

------------------------------------X

**ANSWER TO THE FIRST AMENDED CLASS ACTION COMPLAINT**

Civil Action No.
23-cv-7565

(Bloom, Ch. M.J.)

Defendants UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES ("USCIS"), UNITED STATES DEPARTMENT OF HOMELAND SECURITY ("DHS"), AND THE UNITED STATES OF AMERICA, by their attorneys, BREON PEACE, United States Attorney for the Eastern District of New York, and MELANIE SPEIGHT, Assistant United States Attorney, of counsel, upon information and belief, answer the correspondingly numbered paragraphs of the "First Amended Class Action Complaint (Dkt. No. 47) filed by Plaintiff Anastasiia Volkova, for herself and all others similarly situated ("Plaintiff") as follows:

**IN ANSWER TO THE SECTION TITLED "INTRODUCTION"**

In response to this unnumbered section, as to the first sentence, Defendants deny, except admit that Congress passed legislation "making emergency supplemental appropriations for assistance for the situation in Ukraine for the fiscal year ending September 30, 2022, and for other purposes," providing benefits to Ukrainian parolees, and respectfully refer the Court to the Additional Ukraine Supplemental Appropriations Act, 2022, Pub. L. 117-128 § 401 (May 21,

2022), available at: https://www.congress.gov/117/plaws/publ128/PLAW-117publ128.pdf, for the complete and accurate text of the legislation. Defendants deny the second sentence, except admit that some Ukrainian parolees paid a $410 filing fee between February 24, 2022 and November 21, 2023, to apply for employment authorization. Defendants deny the third sentence, except admit that on November 21, 2022, USCIS issued a publicly accessible news alert stating that "USCIS is providing the benefits of employment authorization incident to status normally accorded to refugees and a no-fee initial (and replacement of an initial) EAD to … Ukrainian parolees so that they receive the same treatment as refugees."[1] Defendants deny the fourth sentence, except admit that USCIS published a news alert on November 21, 2022, indicating that Ukrainian parolees would be considered employment authorized incident to status and would be exempt from the Form I-765 filing fee.  Defendants admit the fifth sentence.  Defendants deny the sixth sentence, except admit that Defendants have not refunded fees paid by Ukrainian parolees prior to the issuance of the updated policy guidance.

In response to the second paragraph of the "Introduction," comprised of two sentences, Defendants deny, except admit that Plaintiff purports to proceed as stated therein.

## IN ANSWER TO THE SECTION TITLED "PARTIES"

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's representation that she resides in Brooklyn and accordingly deny, admit upon information and belief that Plaintiff is a Ukrainian national who was paroled into the United States on or about April 24, 2022, and submitted a Form I-765 on or about May 16, 2022. Defendants deny the remaining allegations.

2. Admit.

---

[1] *Available at:* https://www.uscis.gov/newsroom/alerts/certain-afghan-and-ukrainian-parolees-are-employment-authorized-incident-to-parole (last visited January 17, 2024).

3. Admit.

4. Admit.

**IN ANSWER TO THE SECTION TITLED "JURISDICTION AND VENUE"**

5. Paragraph 5 states Plaintiff's legal conclusions regarding jurisdiction to which no response is required; to the extent a response is deemed to be required, Defendants deny, except admit that Plaintiff Volkova's individual claim, and the individual claim of any proposed class member, amounts to $410, an amount not exceeding $10,000.

6. Paragraph 6 states Plaintiff's legal conclusions regarding personal jurisdiction and venue to which no response is required; to the extent a response is deemed to be required, Defendants deny.

**IN ANSWER TO THE SECTION TITLED "FACTUAL ALLEGATIONS"**

7. Deny, and respectfully refer the Court to the public website cited in footnote 2 to paragraph 7 for its full and accurate contents.

8. Deny, and respectfully refer the Court to the public website cited in footnote 3 to paragraph 8 for its full and accurate contents.

9. Defendants deny the characterization that parolees are admitted into the United States, and further deny and respectfully refer the Court to the public website cited in footnote 4 to paragraph 9 for its full and accurate contents.

10. Defendants admit that DHS has paroled certain Ukrainian nationals into the United States through the Uniting for Ukraine (U4U) parole process. The remaining allegation is Plaintiff's characterization of the U4U parole process, to which no response is required. To the extent a response is deemed required, Defendants deny.

11. Admit.

12. Admit that the statute contains the language cited in paragraph 12, and respectfully refer the Court to the Additional Ukraine Supplemental Appropriations Act, 2022, Pub. L. 117-128 § 401 (May 21, 2022), available at: https://www.congress.gov/117/plaws/publ128/PLAW-117publ128.pdf, for its complete and accurate contents.

13. Admit that the statute contains the language cited in paragraph 13, and respectfully refer the Court to the Additional Ukraine Supplemental Appropriations Act, 2022, Pub. L. 117-128 § 401 (May 21, 2022), available at: https://www.congress.gov/117/plaws/publ128/PLAW-117publ128.pdf, for its complete and accurate contents.

14. Admit.

15. Defendants deny Plaintiff's characterization of the employment authorization process for refugees as expressed in footnote 7. Defendants admit that refugees are employment authorized incident to their status but require an Employment Authorization Document to evidence such employment eligibility.

16. Defendants deny Plaintiff's characterization of the employment authorization exemption process for refugees as expressed in footnote 8. Defendants admit that the Director has regulatory authority to exempt certain classes of foreign nationals, including refugees, from USCIS filing fees pursuant to 8 CFR 106.3(e).

17. Admit.

18. State that the allegations set forth in paragraph 18 constitute legal conclusions to which no response is required; to the extent a response is deemed to be required, Defendants deny.

19. Deny.

20. Deny, except admit that on November 21, 2022, USCIS issued a publicly accessible news alert containing the language quoted in paragraph 20 and respectfully refer the Court to https://www.uscis.gov/newsroom/alerts/certain-afghan-and-ukrainian-parolees-are-employment-authorized-incident-to-parole (last visited January 17, 2024), for its complete and accurate contents.

21. Deny.

**IN ANSWER TO THE SECTION TITLED "CLASS ACTION ALLEGATIONS"**

22. State that the allegations set forth in paragraph 22 constitute legal conclusions and Plaintiff's characterization of this suit as to which no response is required; to the extent a response is deemed to be required, Defendants deny.

23. State that the allegations set forth in paragraph 23 constitute legal conclusions and Plaintiff's characterization of this suit as to which no response is required; to the extent a response is deemed to be required, Defendants deny.

24. State that the allegations set forth in paragraph 24 constitute legal conclusions to which no response is required; to the extent a response is deemed to be required, Defendants deny, except admit that upon information and belief, the number of individuals described in Plaintiff's proposed class, as set forth in paragraph 23, is in the tens of thousands.

25. State that the allegations set forth in paragraph 25 constitute legal conclusions to which no response is required; to the extent a response is deemed to be required, Defendants deny.

26. State that the allegations set forth in paragraph 26 constitute legal conclusions to which no response is required; to the extent a response is deemed to be required, Defendants deny.

27. State that the allegations set forth in paragraph 27 constitute legal conclusions to which no response is required; to the extent a response is deemed to be required, Defendants deny.

28. State that the allegations set forth in paragraph 28 constitute legal conclusions to which no response is required; to the extent a response is deemed to be required, Defendants deny.

29. State that the allegations set forth in paragraph 29 constitute legal conclusions to which no response is required; to the extent a response is deemed to be required, Defendants deny.

30. State that the allegations set forth in paragraph 30 constitute legal conclusions to which no response is required; to the extent a response is deemed to be required, Defendants deny.

**IN ANSWER TO THE SECTION TITLED "UNLAWFUL AGENCY ACTION UNDER 5 U.S.C. § 706"**

31. Defendants do not answer paragraph 31 because Plaintiff's claim under the Administrative Procedure Act has been dismissed. *See Astakhov v. USCIS,* Civil Action No. 23-cv-1502, 2023 WL 6479080, at *8 (D.D.C. Oct. 5, 2023).

32. Defendants do not answer paragraph 32 because Plaintiff's claim under the Administrative Procedure Act has been dismissed. *See Astakhov v. USCIS,* Civil Action No. 23-cv-1502, 2023 WL 6479080, at *8 (D.D.C. Oct. 5, 2023).

33. Defendants do not answer paragraph 33 because Plaintiff's claim under the Administrative Procedure Act has been dismissed. *See Astakhov v. USCIS,* Civil Action No. 23-cv-1502, 2023 WL 6479080, at *8 (D.D.C. Oct. 5, 2023).

34. Defendants do not answer paragraph 34 because Plaintiff's claim under the Administrative Procedure Act has been dismissed. *See Astakhov v. USCIS,* Civil Action No. 23-cv-1502, 2023 WL 6479080, at *8 (D.D.C. Oct. 5, 2023).

35. Defendants do not answer paragraph 35 because Plaintiff's claim under the Administrative Procedure Act has been dismissed. *See Astakhov v. USCIS,* Civil Action No. 23-cv-1502, 2023 WL 6479080, at *8 (D.D.C. Oct. 5, 2023).

36. Defendants do not answer paragraph 36 because Plaintiff's claim under the Administrative Procedure Act has been dismissed. *See Astakhov v. USCIS,* Civil Action No. 23-cv-1502, 2023 WL 6479080, at *8 (D.D.C. Oct. 5, 2023).

37. Defendants do not answer paragraph 37 because Plaintiff's claim under the Administrative Procedure Act has been dismissed. *See Astakhov v. USCIS,* Civil Action No. 23-cv-1502, 2023 WL 6479080, at *8 (D.D.C. Oct. 5, 2023).

38. Defendants do not answer paragraph 38 because Plaintiff's claim under the Administrative Procedure Act has been dismissed. *See Astakhov v. USCIS,* Civil Action No. 23-cv-1502, 2023 WL 6479080, at *8 (D.D.C. Oct. 5, 2023).

39. Defendants do not answer paragraph 39 because Plaintiff's claim under the Administrative Procedure Act has been dismissed. *See Astakhov v. USCIS,* Civil Action No. 23-cv-1502, 2023 WL 6479080, at *8 (D.D.C. Oct. 5, 2023).

40. Defendants do not answer paragraph 40 because Plaintiff's claim under the Administrative Procedure Act has been dismissed. *See Astakhov v. USCIS,* Civil Action No. 23-cv-1502, 2023 WL 6479080, at *8 (D.D.C. Oct. 5, 2023).

41. Defendants do not answer paragraph 41 because Plaintiff's claim under the Administrative Procedure Act has been dismissed. *See Astakhov v. USCIS,* Civil Action No. 23-cv-1502, 2023 WL 6479080, at *8 (D.D.C. Oct. 5, 2023).

## IN ANSWER TO THE SECTION TITLED "ILLEGAL EXACTION UNDER 28 U.S.C. § 1346(a)"

42. State that the allegations set forth in paragraph 42 constitute legal conclusions and Plaintiff's characterization of this suit as to which no response is required; to the extent a response is deemed to be required, Defendants deny.

43. Paragraph 43 states legal conclusions to which no response is required; to the extent a response is deemed to be required, Defendants deny.

44. Deny.

45. Deny.

## IN ANSWER TO THE SECTION TITLED "PRAYER FOR RELIEF"

46. Paragraph 46, including subparts (1) through (6), constitutes Plaintiff's prayer for relief to which no response is required; to the extent a response is deemed to be required, Defendants deny.

## DEFENSES

### FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

### SECOND DEFENSE

Venue for Plaintiff's proposed class action is not proper in this district.

### THIRD DEFENSE

At all times, Defendants acted lawfully and reasonably exercised their discretion.

### FOURTH DEFENSE

The Little Tucker Act does not waiver sovereign immunity insofar as Plaintiff seeks equitable relief; to the extent that Plaintiff seeks equitable relief, this Court lacks subject matter jurisdiction.

WHEREFORE, Defendants, having fully answered the allegations in the First Amended Class Action Complaint and stated their defenses, respectfully requests this Court to enter judgment in favor of Defendants and grant such other relief as may be just and equitable.

Dated: Brooklyn, New York  
       January 17, 2024

BREON PEACE  
United States Attorney  
Eastern District of New York  
271-A Cadman Plaza East  
Brooklyn, New York 11201

By:   */s/Melanie Speight*  
     MELANIE SPEIGHT  
     Assistant U.S. Attorney  
     (718) 254-7509  
     melanie.speight@usdoj.gov

To:   All counsel of record (by ECF)